### In re SALOMON BROTHERS TREASURY SECURITIES LITIGATION.

#### MDL No. 933.

Judicial Panel on Multidistrict Litigation.

Aug. 24, 1992.

Before JOHN F. NANGLE, Chairman, S. HUGH DILLIN,* MILTON POLLACK, LOUIS H. POLLAK, ROBERT R. MERHIGE, Jr., and WILLIAM B. ENRIGHT, Judges of the Panel.

#### TRANSFER ORDER

This litigation presently consists of the 33 actions listed on the attached Schedule A and pending in two districts as follows:

Southern District of New York    32 actions
Northern District of Illinois       1 action

* Judge Dillin took no part in the decision of this matter.

Common defendant Salomon Brothers, Inc. (Salomon) moves the Panel, pursuant to 28 U.S.C. § 1407, for an order transferring the Illinois action to the Southern District of New York for coordinated or consolidated pretrial proceedings with the actions pending there.[1] Plaintiffs in the New York actions and individual defendants John H. Gutfreund and Thomas W. Straus support the motion. Plaintiffs in the Illinois action oppose transfer.

On the basis of the papers filed and the hearing held, the Panel finds that the 33 actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions stem from the August 1991 disclosure by Salomon that: 1) at various U.S. Treasury auctions during the period December 1990 through May 1991, certain Salomon employees improperly bid for or acquired Treasury securities in excess of the 35% limit established by the Treasury; and 2) Salomon's then senior management, although learning of the improper bids as early as the end of April 1991, did not report it to the authorities until August 1991. The types of plaintiffs in the actions vary—Salomon customers, other participants in the markets allegedly affected by Salomon's conduct, holders of Salomon's own securities whose value allegedly declined as a result of Salomon's conduct, and derivative plaintiffs. Legal theories also vary among the actions, with some actions raising claims not common to all actions. Notwithstanding these variations, all actions involve injuries arising from Salomon's alleged market manipulation. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Southern District of New York is the most appropriate forum for this litigation. We note that: 1) Salomon's allegedly illegal activities took place in New York at Salomon's corporate headquarters, and documents and witnesses relating to Salomon's conduct are located there; 2) the clear majority of actions, as well as related Government proceedings, are already pending in the Southern District of New York; and 3) the New York district is the choice of all responding defendants and almost all responding plaintiffs.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on the attached Schedule A and pending in Northern District of Illinois be, and the same hereby is, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Robert P. Patterson, Jr., for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

### SCHEDULE A

*MDL–933—In re Salomon Brothers Treasury Securities Litigation*

#### Northern District of Illinois

*SWS Financial Fund A, et al. v. Salomon Brothers, Inc.,* C.A. No. 1:91–7461

#### Southern District of New York

*Susan Katz v. Salomon, Inc., et al.,* C.A. No. 91 Civ. 5471

*Resource/Reed v. Salomon, Inc., et al.,* C.A. No. 91 Civ. 5486

*Marshall Wolf v. Salomon, Inc., et al.,* C.A. No. 91 Civ. 5534

*Sol Stuttman v. Salomon, Inc., et al.,* C.A. No. 91 Civ. 5701

*Patricia Helmus v. Salomon, Inc., et al.,* C.A. No. 91 Civ. 5702

*Jules Levine v. Salomon, Inc., et al.,* C.A. No. 91 Civ. 5991

---

**1.** In addition to the actions before the Panel, various parties have identified several recently filed related actions. In light of the Panel's disposition in this docket, these actions, not now formally before the Panel, will be treated as potential tag-along actions. *See* Rules 12 and 13, R.P.J.P.M.L., 120 F.R.D. 251, 258–59 (1988).

Leonard L. Schreiber, etc. v. Salomon, Inc., et al., C.A. No. 91 Civ. 5696

Catherine Baker Knoll v. Salomon, Inc., et al., C.A. No. 91 Civ. 6224

Winifred C. Johnson v. Salomon, Inc., et al., C.A. No. 91 Civ. 6496

Joseph Liberman v. Salomon, Inc., et al., C.A. No. 91 Civ. 7029

Seymour Mann, et al. v. Salomon, Inc., et al., C.A. No. 91 Civ. 5442

Arnold M. Malakoff, et al. v. John H. Gutfreund, et al., C.A. No. 91 Civ. 5620

Mildred J. Folds, et al. v. John H. Gutfreund, et al., C.A. No. 91 Civ. 5707

Fred Schwartz, et al. v. John Gutfreund, et al., C.A. No. 91 Civ. 5665

Bryan Lippey v. Salomon, Inc., et al., C.A. No. 91 Civ. 5750

Richard L. Silverman, et al. v. Salomon, Inc., et al., C.A. No. 91 Civ. 5562

Johnathan Siegel, et al. v. Salomon, Inc., et al., C.A. No. 91 Civ. 5729

John M. Jolly, et al. v. Salomon, Inc., et al., C.A. No. 91 Civ. 5744

Robert Rosenberg, et al. v. John Gutfreund, et al., C.A. No. 91 Civ. 5753

Trustees of the Harold D. Katz Money Purchase Pension Plan dated Jan. 1, 1981 v. John Gutfreund, et al., C.A. No. 91 Civ. 5792

William Rifkin, et al. v. John H. Gutfreund, et al., C.A. No. 91 Civ. 5812

Kemper Clearing Corp. Cust. FBO Jacob Salomon R/O IRA v. John Gutfreund, et al., C.A. No. 91 Civ. 5831

Joseph Kassoway, et al. v. Salomon, Inc., et al., C.A. No. 91 Civ. 5927

Daniel Kane, et al. v. John Gutfreund, et al., C.A. No. 91 Civ. 7413

Richard L. Silverman, et al. v. Salomon Brothers, Inc., et al., C.A. No. 91 Civ. 5723

Morton Weiner, etc. v. Dwayne O. Andreas, et al., C.A. No. 91 Civ. 5500

Edward McDaid, etc. v. Dwayne O. Andreas, et al., C.A. No. 91 Civ. 5529

Laurence Housman, etc. v. Dwayne O. Andreas, et al., C.A. No. 91 Civ. 5566

Murray Elias, etc. v. Dwayne O. Andreas, et al., C.A. No. 91 Civ. 5570

Thomas LaCosta, etc. v. Dwayne O. Andreas, et al., C.A. No. 91 Civ. 6567

Hallisey & Johnson Money Purchase Pension Trust v. Dwayne O. Andreas, et al., C.A. No. 91 Civ. 5695

Discount Bank and Trust Company v. Salomon, Inc., et al., C.A. No. 91 Civ. 7525